SCORPIO RECYCLING, INC. y OTROS, demandantes y peticionarios, *v.* JOSÉ MEJÍAS y OTROS, demandados y recurridos.

*Número:* CE-94-30          *Resuelto:* 10 de junio de 1994

*Luis G. Rullán Marín* y *Manuel Durán Rodríguez*, de *Limeres, Vergne, Durán & Rullán*, abogados de los peticionarios; *José Antonio Casiano Silva*, de *Bufete Edgardo A. González*, abogado de los recurridos.

## SENTENCIA

En el presente recurso, el tribunal de instancia rehusó anotar la rebeldía a una codemandada que, emplazada conforme a derecho, no había presentado alegación responsiva alguna en el pleito. La parte demandante peticionaria sostiene que, conforme a la Regla 45 de Procedimiento Civil, 32 L.P.R.A. Ap. III, el tribunal debió anotar la rebeldía a dicha codemandada. A continuación resumiremos los hechos que dieron base a esta determinación.

El *29 de septiembre de 1993,* la compañía Scorpio Recycling, Inc. y otros presentaron una demanda en cobro de dinero y daños y perjuicios contra el Sr. José Mejías,

Puerto Rico Krans Agency y otros.(¹) Un día después de presentada la demanda, se diligenció el emplazamiento de la codemandada Puerto Rico Krans Agency a través del Sr. Hirám Sánchez. Al recibir el emplazamiento, el señor Sánchez lo suscribió y alegó ser Gerente de Administración y Finanzas de la compañía demandada.

El *9 de diciembre de 1993* la parte demandante solicitó al tribunal que se anotase la rebeldía a la codemandada Puerto Rico Krans Agency. Alegó que dicha codemandada no había comparecido al pleito a pesar de haber transcurrido setenta (70) días desde su emplazamiento. Mediante una orden dictada a los efectos, el tribunal de instancia denegó la solicitud de la demandante y resolvió lo siguiente:

> El Tribunal no sabe la naturaleza de la personalidad de Puerto Rico Krans Agency, si en realidad tiene o no personalidad jurídica y si la persona servida con el emplazamiento tiene o no autoridad para recibir emplazamientos.

Oportunamente, la parte demandante solicitó una reconsideración, la cual, "en el uso de la discre[c]i[ó]n del Tribunal", fue declarada no ha lugar.

Inconforme con dicha determinación, acude ante nos la parte demandante Scorpio Recycling, Inc. y hace los señalamientos de error siguientes:

> ...Cometió craso error de derecho el Honorable Tribunal de Instancia al no anotar la rebeldía de la codemandada Puerto Rico Krans Agency habiendo cumplido Scorpio con todos los requisitos de la Regla 45.1 de las de Procedimiento Civil en violación de las disposiciones de dicha Regla así como de las garantías del Debido Proceso garantizado por el Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico y la Decimocuarta Enmienda de la Constitución de los Estados Unidos.

---

(¹) En esencia, en dicha demanda se alegó, entre otras cosas, que la codemandada Puerto Rico Krans Agency se apropió ilegalmente de unos fondos pertenecientes a la parte demandante; esto mediante el endoso fraudulento de unos cheques con el fin de realizar débitos automáticos de la cuenta de banco de los demandantes.

...Cometió craso error de derecho el Honorable Tribunal de Instancia al no ordenar una vista según dispone la Regla 45.2(b) de las de Procedimiento Civil para determinar la cuantía de la sentencia que deba dictarse en rebeldía.

Cometió craso error de derecho el Honorable Tribunal de Instancia al no reconsiderar su Resolución de 15 de diciembre de 1993.

El 30 de marzo de 1994 ordenamos a la demandada recurrida que mostrara causa por la cual no deberíamos expedir el recurso presentado, revocar la resolución emitida por el foro de instancia el 15 de diciembre de 1993 y anotar la rebeldía.

El 29 de abril de 1994 los peticionarios presentaron una moción informativa acompañada de dos (2) mociones presentadas ante el foro de instancia. Una de éstas es una comparecencia especial en la cual se le informa al tribunal que "Puerto Rico Krans Agency no tiene personalidad jurídica [y que, por ende,] el emplazamiento realizado el 30 de septiembre de 1993, a través de la persona del señor Hiram Sánche[z] no surte efecto legal ...". La otra es una oposición de la parte demandante a esta alegación. Los demandantes alegan que "Puerto Rico Krans Agency es una 'DBA' de Adolfo Krans & Asociados, una corporación debidamente inscrita en el Departamento de Estado". Continuaron alegando que, "[c]ontrario a lo alegado por la codemandada, no existe defecto alguno relacionado a la validez del emplazamiento. *Adolfo Krans & Asociados realizó negocios con la demandante bajo el nombre de Puerto Rico Krans Agency y una vez se le emplazó bajo ese nombre fue debidamente emplazada. En otras palabras, cuando emplazamos a Puerto Rico Krans Agency al que realmente se emplazó fue a Adolfo Krans & Asociados y si había algún error en el nombre lo debieron haber alegado en la contestación a la demanda*". (Énfasis en el original.)

Evaluado el recurso presentado a la luz de la información sometida por los peticionarios, procede confirmar la determinación del foro de instancia. La corporación

Adolfo Krans & Asociados, haciendo negocios como Puerto Rico Krans Agency, no ha sido demandada; por lo tanto, el emplazamiento hecho a través del señor Sánchez no pudo tener el efecto de convertirla en demandada y traerla válidamente ante el tribunal. No procedía la anotación de rebeldía.

Por todo lo antes expuesto, *se expide el auto solicitado y se dicta sentencia confirmando la resolución del foro de instancia negándose a anotar la rebeldía a la codemandada Puerto Rico Krans Agency.*

Así lo pronunció, manda el Tribunal y certifica el señor Secretario General. Los Jueces Asociados Señores Negrón García y Hernández Denton no intervinieron. El Juez Asociado Señor Rebollo López concurrió con el resultado mediante opinión escrita.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

**— O —**

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

A pesar de que el *resultado* a que se llega en la Sentencia que hoy emite una mayoría de los integrantes del Tribunal en el presente caso es uno correcto, *nos vemos en la necesidad de expresarnos por separado*; ello en vista del hecho de que los términos en que está redactada la misma —y/o en vista de lo que *no* se expresa en la referida Sentencia— pueden ser malinterpretados por el tribunal de instancia y por la clase togada.[1] Veamos.

I

La parte demandante peticionaria, Scorpio Recycling, Inc., presentó demanda en cobro de dinero ante el Tribunal Superior de Puerto Rico, Sala de San Juan, contra, entre otros, José Mejías, *Puerto Rico Krans Agency*, New England Mutual Life Insurance Co., Banco Santander de Puerto Rico, etc. En la referida demanda *no* se especificó si la codemandada "Puerto Rico Krans Agency" era, o no, una "persona jurídica", así como tampoco si era una sociedad, etc.

Expedidos los correspondientes emplazamientos, la parte demandante peticionaria "emplazó" a la codemandada Puerto Rico Krans Agency, supuestamente entregándole copia de la demanda y el emplazamiento a una persona de nombre Hiram Sánchez; quien, alegadamente, se identificó ante el emplazador como "gerente de administración y finanzas" de la mencionada Puerto Rico Krans Agency. Transcurrido un término en exceso del provisto por nuestro ordenamiento, dentro del cual la parte demandada en un pleito civil viene en la obligación de contestar la demanda, sin que Puerto Rico Krans Agency hubiera contestado la misma, la parte demandante solicitó del tribunal de instancia que le anotase la "rebeldía" a Puerto Rico Krans Agency.

El foro de instancia, sorpresivamente, se negó a ello. En la "orden", que a esos efectos emitiera, el referido foro adujo que:

> El Tribunal no sabe la naturaleza de la personalidad de Puerto Rico Krans Agency, si en realidad tiene o no personalidad jurídica y si la persona servida con el emplazamiento tiene o no autoridad para recibir emplazamientos. Apéndice I.

Denegada, igualmente, la solicitud de reconsideración que radicara la parte demandante Scorpio Recycling, Inc.,

dicha parte recurrió —vía *certiorari*— ante este Tribunal en revisión de tan extraña actuación judicial. Resultando obvio, *de los hechos entonces ante nuestra consideración*, lo erróneo del proceder del foro de instancia, mediante Resolución de 30 de marzo de 1994, este Tribunal le concedió término a la "parte demandada recurrida" Puerto Rico Krans Agency para que mostrara causa:[2]

> ... por la cual no deberíamos expedir el auto solicitado, revocar la resolución emitida el 15 de diciembre de 1993 y anotar la rebeldía.

Estando el recurso pendiente, compareció ante este Tribunal la parte demandante peticionaria, vía "moción informativa", con el propósito de advertirnos de la radicación de dos (2) mociones ante el tribunal de instancia, copia de las cuales acompañó. La primera de ellas, suscrita de "manera especial" por el Lcdo. José Antonio Casiano Silva, del "Bufete Edgardo A. González". En dicho escrito, el licenciado Casiano Silva le señaló al foro de instancia, entre otras, que se había enterado que la parte demandante había acudido ante este Tribunal Supremo en revisión de una "orden" mediante la cual dicho tribunal de instancia se había negado a anotarle la rebeldía a Puerto Rico Krans Agency, informando que:

> ... Puerto Rico Krans Agency no tiene personalidad jurídica. Por ende, el emplazamiento realizado el 30 de septiembre de 1993, a través de la persona del señor Hiram Sánchez, no surte efecto legal por varias razones no necesarias de ser discutidas en esta comparecencia especial. Moción informativa de 25 de abril de 1994.

Esto es, resulta ser que lo que "sospechó", o adivinó, el tribunal de instancia, al denegar la solicitud de anotación

---

[2] Realmente *no* procedía la emisión de una orden de mostrar causa; ello en vista del hecho de que Puerto Rico Krans Agency, en esa etapa de los procedimientos, no había comparecido en forma alguna ante el tribunal de instancia, por lo que no existía "parte recurrida". Esto es, lo procedente hubiera sido haber emitido una Sentencia al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A.

de rebeldía, resultó ser la realidad de la situación; hecho que posteriormente fue "ratificado" por la parte demandante peticionaria al exponer —en el segundo escrito, radicado ante el foro de instancia, que acompañó en la antes mencionada moción informativa— que:

> ... Contrario a lo alegado por la codemandada, no existe defecto alguno relacionado a la validez del emplazamiento. *Adolfo Krans & Asociados realizó negocios con la demandante bajo el nombre de Puerto Rico Krans Agency y una vez se le emplazó bajo ese nombre fue debidamente emplazada. En otras palabras, cuando emplazamos a Puerto Rico Krans Agency al que realmente se emplazó fue a Adolfo Krans & Asociados y si había algún error en el nombre lo debieron haber alegado en la contestación a la demanda.* (Énfasis en el original.) Moción en oposición a moción informativa, pág. 1.

Siendo ésta la situación, *no* hay duda que resulta correcto el *resultado* al que se llega en la Sentencia que hoy emite el Tribunal; esto es, *no* procede en derecho la anotación de la rebeldía a la codemandada Puerto Rico Krans Agency.

*¿Por qué, entonces, la "necesidad" de nuestra ponencia, esto es, de expresarnos por separado?* Ciertamente, *no* para hacerle perder el tiempo al lector o a persona alguna. *Por el contrario*, nuestro interés al así hacerlo, repetimos, lo es el evitar una posible confusión en la mente del juez de instancia y de otras personas que pudieran venir en contacto con la Sentencia mayoritaria emitida; en especial, por lo que la misma "no expresa".

Como es de todos conocido, la Regla 7.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) establece que:

> No es necesario aseverar la capacidad de la parte para demandar o ser demandada, la autoridad de una parte para demandar o ser demandada en una capacidad representativa, ni la existencia legal de una persona jurídica que se hiciere parte. Cuando una parte deseare controvertir la existencia legal de otra, la capacidad de cualquier otra parte para demandar o ser demandada, o la autoridad de una parte para demandar o ser demandada en una capacidad representativa, lo aseverará es-

pecíficamente y afirmará aquellos pormenores que estuvieren dentro de su peculiar conocimiento.

Una somera lectura de la antes transcrita disposición reglamentaria es todo lo que se necesita para poder uno darse cuenta que los fundamentos expuestos en la "orden" emitida por el foro de instancia, mediante la cual denegó la solicitud de anotación de rebeldía, eran —*en esa etapa de los procedimientos*— totalmente incorrectos.

Esto es, *no* siendo necesario —conforme surge de la citada Regla 7.1— que una parte demandante haga constar o asevere, en la demanda que radica, la "capacidad" ni de la parte que demanda ni de la parte demandada, *como tampoco la existencia legal de una persona jurídica,* resulta obvio que el tribunal de instancia *no* podía denegar, *en ese momento,* la solicitud de anotación de rebeldía por el fundamento de que dicho foro, alegadamente, no sabía:

> ... la naturaleza de la personalidad de Puerto Rico Krans Agency, [y] si en realidad [Puerto Rico Krans Agency] tiene o no personalidad jurídica y si la persona servida con el emplazamiento tiene o no autoridad para recibir emplazamientos. Apéndice I.

*Y es que no puede ser de otra forma.* Si nuestros tribunales de instancia tuvieran la autoridad o facultad para denegar la anotación de rebeldía —por esos fundamentos y en esa etapa de los procedimientos— *la litigación civil en nuestra jurisdicción prácticamente se paralizaría.* Es esa, *precisamente,* la razón para la existencia de la citada Regla 7.1 de Procedimiento Civil. La capacidad, o falta de ella, de una parte para ser demandada y la personalidad jurídica, o carencia de ella, de dicha parte, así como la autoridad o facultad representativa de la persona que en su nombre recibe el emplazamiento, es una cuestión a ser alegada, *de manera afirmativa,* por dicha parte en la contestación a la demanda, o comparecencia especial, que radique en el pleito.

De hecho, sorprende que el juez de instancia haya actuado en la forma en que lo hizo. Ello, a nuestro juicio, únicamente se puede haber debido a una de tres (3) razones, a saber: que el juez de instancia desconocía las disposiciones de la transcrita Regla 7.1 de Procedimiento Civil; que el referido magistrado tenía información extraoficial a esos efectos; o que, sencillamente, se trata de una coincidencia extraordinaria.